# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LS BLACK CONSTRUCTORS, INC./ LOEFFEL CONSTRUCTION, | Case No. 21-CV-654 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ON MOTIONS TO STAY AND DISMISS |
| PILGRIM INTERIORS, INC. and ACSTAR INSURANCE CO., | |
| Defendants. | |

LS Black Constructors, Inc./Loeffel Construction hired Pilgrim Interiors, Inc. as a subcontractor on a building job. The subcontract required that Pilgrim obtain a surety bond to insure LS Black against Pilgrim's possible nonperformance. Pilgrim obtained this bond from ACSTAR Insurance Co. Pilgrim later defaulted on the job and, when ACSTAR denied LS Black's claim on the surety bond, LS Black sued both ACSTAR and Pilgrim. ACSTAR moved to dismiss and LS Black moved to stay the case pending the completion of arbitration between it and Pilgrim. For the following reasons, the Court grants LS Black's motion and stays the case pending arbitration. The Court denies ACSTAR's motion to dismiss as moot.

## BACKGROUND

LS Black entered into a contract to build a housing project at the Portsmouth Naval Yard and subcontracted with Pilgrim to supply labor and materials for metal framing, carpentry, and other similar services. (ECF No. 8 ("Am. Compl.") ¶¶ 10–11; *see generally* ECF No. 26-2 ("Subcontract").)) The Subcontract contained an arbitration provision, requiring that Pilgrim and LS Black resolve all disputes in connection with the Subcontract through arbitration.[1] (Am. Compl. ¶ 32.) The Subcontract also required that Pilgrim obtain a bond ("Surety Bond") to insure LS Black against a potential default, which Pilgrim obtained from ACSTAR. (*Id.* ¶¶ 19–20; ECF No. 26-3.) (*Id.* ¶ 20; ECF No. 26-3.) The Surety Bond bound ACSTAR to compensate LS Black if Pilgrim defaulted. (Am. Compl. ¶ 21.) Under the Surety Bond, LS Black may only sue to enforce its provisions less than "one year following the date on which Pilgrim ceased work on the Subcontract, or the date on which final payment under the Subcontract falls due, or the date on which goods and services were received by LS Black, whichever occurs first." (ECF No. 26-3 at 1 (cleaned up).)

While working on the project, Pilgrim failed to comply with its obligations under the Subcontract in multiple ways and ultimately defaulted. (Am. Compl. ¶¶ 22–26.) LS

---

[1] The Subcontract details the contours of the arbitration provision but, for purposes of resolving LS Black's motion to stay, the Court need not expand on the provision's scope because neither party disputes that LS Black's current dispute with Pilgrim is arbitrable.

Black notified ACSTAR of the default and demanded payment; ACSTAR refused. (*Id.* ¶¶ 26–30.) LS Black also served an arbitration demand on Pilgrim. (ECF No. 26-4.)

LS Black filed this case alleging three claims: two against ACSTAR, the first on the Surety Bond, the second for breach of the Surety Bond. (Am. Compl. ¶¶ 36–57.) LS Black also brought a breach of contract claim against Pilgrim. (*Id.* ¶¶ 58–66.) ACSTAR filed a motion to dismiss LS Black's claims, arguing that LS Black had exceeded the time bar contained in the Surety Bond. (ECF Nos. 13, 15.) LS Black then moved to stay the litigation pending the outcome of its arbitration with Pilgrim. (ECF No. 22.)

## ANALYSIS

### I.    Motion to Stay

#### A.  Legal Standard

The Federal Arbitration Act, which all parties agree governs this case, mandates that the Court stay the case when one of the parties requests "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . until such arbitration has been had . . . ." 9 U.S.C. § 3. So before ruling on a motion to stay, the Court must determine whether the dispute is referable to arbitration. LS Black and Pilgrim agree that LS Black's claims against Pilgrim are referable to arbitration and will proceed in arbitration. (ECF No. 26-4; ECF No. 32 at 1.)

Once the Court has determined that the dispute is referable to arbitration, and one party has asked it to stay the case pending that arbitration's resolution, staying the case

between the arbitrating parties is mandatory.[2] 9 U.S.C. § 3. When nonsignatories to the arbitration agreement are involved, however, the decision to stay or let the case proceed with respect to those nonsignatories is discretionary. *Reid v. Doe Run Res. Corp.*, 701 F.3d 840, 846 (8th Cir. 2012) ("Section 3 of the Arbitration Act . . . is broad enough to permit the stay of litigation between nonarbitrating parties as long as that lawsuit is based on issues referable to arbitration . . . .") (quotation omitted); *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh,* 242 F.3d 777, 782 (8th Cir. 2001) ("[T]he district court has discretion to stay third party litigation [that] involves common questions of fact that are within the scope of the arbitration agreement . . . .") (quotation omitted; second alteration original).

### B.  Stay of Arbitration

LS Black's claims against Pilgrim are referable to arbitration and arbitration has, in fact, begun. (ECF No. 26-4.) The Court therefore stays LS Black's claims against Pilgrim.

LS Black's claims against ACSTAR are "based on issues referable to arbitration" because, for LS Black to prevail against ACSTAR, Pilgrim must have defaulted on the Subcontract—if Pilgrim did not default, then LS Black cannot recover from ACSTAR.

---

[2] The Court has discretion to dismiss the action if "it is clear the entire controversy between the parties will be resolved by arbitration." *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769–70 (8th Cir. 2011). Here, although arbitration would resolve LS Black's claim against Pilgrim (and the Court, therefore, would have discretion to dismiss that claim), it would not resolve LS Black's claim against ACSTAR. Dismissal, therefore, is inappropriate.

*Reid*, 701 F.3d at 846. The Court can stay those claims and must therefore determine whether to do so.

The Court weighs several factors in exercising its discretion over whether to stay a case pending arbitration: "(1) the risk of inconsistent rulings; (2) the extent to which the parties will be bound by the arbiters' decision; and (3) the prejudice that may result from delays." *Id.* at 845 (citing *AgGrow Oils*, 242 F.3d at 783). The Court may also consider whether: there are common questions of law or fact in the arbitration and the litigation, if the same witnesses would be required, and if there is a benefit from permitting both proceedings to continue in parallel. *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 386 (8th Cir. 1983) (affirming a district court's decision to stay a case pending arbitration where those factors were satisfied). In the end, the decision to stay is "left to the district court . . . as a matter of its discretion to control its docket." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983); *Contracting Nw.*, 713 F.2d at 387 ("In any event, the district court had the inherent power to grant the stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it.").

After weighing each consideration, the Court concludes that staying LS Black's claims against ACSTAR is appropriate. There is a risk that, in the absence of a stay, the Court and the arbitration will come to different results. Because ACSTAR seeks to dismiss LS Black's claims on the ground that they are untimely, LS Black's success on its claims

against ACSTAR depends in large part on when Pilgrim defaulted. The arbitration will likely determine when this default occurred, and if this case proceeds parallel to arbitration, the Court may conclude that default occurred at a different time than the arbitration—something that may be outcome-determinative of the case.

The Eighth Circuit has not given clear guidance on how the fact that certain parties are or are not bound to the results of the arbitration weighs in the exercise of the Court's discretion. *AgGrow Oils*, 242 F.3d at 783 (listing this as a factor, but not expanding on its impact). The Court cannot conclude, on this record, the extent to which ACSTAR would be bound by the arbitration, *see infra*, and therefore it weighs in favor of a stay, so that the Court can make a determination on a fuller record.

ACSTAR has failed to establish any substantial prejudice resulting from a stay. LS Black is not seeking interest on the Surety Bond, so ACSTAR's liability will not increase as a result of a delay. (ECF No. 25 at 19.) The only prejudice ACSTAR has identified is that staying the litigation will "unnecessarily delay[] adjudication of the claims and defenses" in the case. (ECF No. 32 at 6.) On the other hand, the arbitration may resolve LS Black's claims in a manner that limits the necessity of the Court's resolution of the claims. Potential delay of the resolution of the claims in the case does not, standing alone, outweigh the interest in judicial efficiency and economy produced by staying the case.

It also appears that there are almost certain to be common questions of fact at issue in both the arbitration and the case before the Court, as well as likely common questions

of law and common witnesses. For example, the fact and details of Pilgrim's default will be relevant in both proceedings, as will the construction of various documents in the case; many witnesses will also likely overlap. In contrast, ACSTAR has not established any likely benefit from permitting the case and arbitration to proceed in parallel.

*Contracting Northwest* supports this conclusion. In that case, the Eighth Circuit adopted the reasoning of a Fourth Circuit case that is almost identical to the present case. 713 F.2d at 386–87 (analyzing *Am. Home Assurance Co. v. Vecco Concrete Constr. Co.*, 629 F.2d 961 (4th Cir. 1980)). In *American Home Assurance*, a general contractor hired a subcontractor who obtained a surety bond and ultimately defaulted. 629 F.2d at 962–63. Although the general contractor had an arbitration agreement with the subcontractor but not the bonding company, the court ordered the litigation stayed because common questions of fact and considerations of judicial economy merited a stay. *Id.* at 964. Those same considerations weigh in favor of a stay here.

ACSTAR's arguments to the contrary are unpersuasive. ACSTAR asserts that it will suffer prejudice in the absence of a stay because the stay "unnecessarily delay[s] adjudication" of LS Black's claims against it "because arbitration will not have any determinative or preclusive effect on the litigation as it relates to ACSTAR." (ECF No. 32 at 6.) Other than delay, ACSTAR has identified no likely prejudice from the stay—and ACSTAR's counsel confirmed at argument that delay is the only form of prejudice that ACSTAR is asserting.

ACSTAR's argument that there is no reason to stay the case because the arbitration will have no preclusive effect against it is simply unavailing. (*Id.* at 6–11.)

Collateral estoppel prohibits a party from relitigating previously decided issues. *All Finish Concrete, Inc. v. Erickson*, 899 N.W.2d 557, 566 (Minn. Ct. App. 2017).[3] It applies when (1) the issue is the same as in the previous proceeding, (2) there was a final judgment on the merits, (3) the estopped party was a party or in privity with a party to the prior proceeding, (4) the estopped party had a full and fair opportunity to litigate the first time around, and (5) application of collateral estoppel is fair. *Id.* (first citing *Kaiser v. N. States Power Co.*, 353 N.W.2d 899, 902 (Minn. 1984), *abrogated on other grounds*, *Tyroll v. Private Label Chems., Inc.*, 505 N.W.2d 54 (Minn. 1993); then citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). The application of collateral estoppel involves questions of fact, and therefore further factual development will be beneficial in determining whether it applies in this case. *Id.* With the Court unclear as to what, exactly, the arbitration will decide and the status of ACSTAR's privity, as well as ACSTAR's ability to be heard in the arbitration undetermined, the Court is not in a position to determine the applicability of collateral estoppel at this stage. ACSTAR's argument that the stay will prejudice it on these grounds is, therefore, premature.

---

[3] In diversity cases, collateral estoppel is a matter of state law. *Jaramillo v. Burkhart*, 999 F.2d 1241, 1243 (8th Cir. 1993) (citation omitted).

ACSTAR also argues that the most efficient way of resolving the case is to permit limited discovery on the time bar issue and then consider ACSTAR's motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The Court sees no benefit to efficiency in doing so, particularly since the arbitration may well decide the issue.

## II.   Motion to Dismiss

Because the Court stays the case pending resolution of the arbitration, the Court denies ACSTAR's motion to dismiss as moot. Although the Complaint likely embraces the Subcontract and the Surety Bond, the motion also relies upon an email that the Complaint likely does not embrace and which could be subject to several interpretations. In other words, the email does not, on its face, prove the time bar ACSTAR must prove to succeed on its motion to dismiss. *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) ("If an affirmative defense is apparent on the face of the complaint . . . [it] can provide the basis for dismissal under Rule 12(b)(6).") (internal quotation omitted, alteration original). The Court could, for example, draw the reasonable inference that the email constituted notice and an opportunity for Pilgrim to cure, and the pleadings contain nothing about when Pilgrim definitively stopped work on the Subcontract.

But the Court will not deny the motion with prejudice and will instead wait until the arbitration has concluded; those proceedings could impact future motions that

ACSTAR or another party brings. Therefore, the Court denies the motion to dismiss as moot.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      LS Black's Motion to Stay Proceedings Pending Arbitration (ECF No. 22) is GRANTED;

2.      The case is STAYED pending completion of arbitration; and

3.      ACSTAR's Motion to Dismiss/General (ECF No. 13) is DENIED AS MOOT.

Dated: July 21, 2021                              BY THE COURT:

                                                  s/Nancy E. Brasel
                                                  Nancy E. Brasel
                                                  United States District Judge